IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS A. DODENHOFF,

    Plaintiff,

    v.

TIMOTHY GEITHNER, et al.,

    Defendants.

_____/

No. CIV S-11-0890 MCE DAD PS

ORDER AND FINDINGS AND RECOMMENDATIONS

    Plaintiff, proceeding pro se, commenced this civil action by filing an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a document titled "Petition for injunction to stop agency action; and enforce restitution for personal loss created by Federal agency action." (Compl. (Doc. No. 1) at 1.) In accordance with Federal Rule of Civil Procedure 3, which provides that "[a] civil action is commenced by filing a complaint with the court," plaintiff's petition is deemed to be a complaint.

    This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

/////

The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.  A complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

Here, plaintiff alleges in his complaint that the Department of the Treasury and Timothy Geithner, acting as Secretary of the Treasury, have allowed the Internal Revenue Service ("IRS"), to attach plaintiff's Social Security compensation and to record liens against his property pursuant to "Title 26" without the legal authority to do so.  (Compl. (Doc. No. 1) at 3.)  Plaintiff claims that:

> [T]he Constitution of the United States does not grant Congress the authority to tax compensation for labor/services, a natural right, protected by the Declaration of Independence; Title 26 has not been enacted and is not in effect . . .; the Secretary of the Treasury/defendant has no legal authority/jurisdiction granted by the Constitution, statute or code over Plaintiff's person or property.

(Id. at 4.)  Plaintiff seeks injunctive relief as well as compensatory damages.  (Id. at 5.)

Plaintiff's complaint is deficient in several respects.  First, the United States cannot be sued without the consent of Congress.  Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983); Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009).  Similarly, no federal agency can be sued unless Congress has explicitly revoked that agency's immunity.  Loeffler v. Frank, 486 U.S. 549, 554 (1988); Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993); City of Whittier v. U.S. Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979).  Put another way, no court can award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute.  United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003);

United States v. King, 395 U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S. 584, 586-87 (1941)); Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995).

"The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). See also Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007). Absent a waiver of sovereign immunity, a claim against the United States must be dismissed for lack of subject matter jurisdiction. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). If conditions are attached to legislation that waives the sovereign immunity of the United States, the conditions must be strictly observed by the courts, and exceptions are not to be readily implied. Block, 461 U.S. at 287; see also Consejo de Desarrollo Economico de Mexicali, A.C., 482 F.3d at 1173 ("When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction."); Cato, 70 F.3d at 1107 (same).

The fact that plaintiff also named Timothy Geithner, the United States Secretary of the Treasury, as a defendant does not keep this action from being a suit against the United States. "It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants." Gilbert, 756 F.2d at 1458 (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 688 (1949)). Thus, this suit against Timothy Geithner in his official capacity and the Department of the Treasury is a suit against the United States. Plaintiff does not claim that the United States has waived its immunity. Plaintiff's complaint is therefore barred by the doctrine of sovereign immunity.

Second, "[i]njunctive relief against the IRS is generally prohibited by the Anti-Injunction Act." Cool Fuel, Inc. v. Connett, 685 F.2d 309, 313 (9th Cir. 1982) (citing 26 U.S.C. § 7421). The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides:

> Except as provided in sections 6015(e), 6212(a) and (c), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the

       assessment or collection of any tax shall be maintained in any court
by any person, whether or not such person is the person against
whom such tax was assessed.

Plaintiff does not assert that any of the statutory exceptions to the Anti-Injunction Act apply.  In this regard plaintiff's claim for injunctive relief is barred by the Anti-Injunction Act.

       Finally, plaintiff argues that the Internal Revenue Code, Title 26 of the United States Code, has not been enacted into law and therefore cannot serve as a basis for imposing taxes.  (Id.)  "Like it or not, the Internal Revenue Code is the law[.]"  Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985); see also United States v. Zuger, 602 F. Supp. 889, 891-92 (D. Conn. 1984) ("holding that the failure of Congress to enact a title as such and in such form into positive law . . . in no way impugns the validity, effect, enforceability, or constitutionality of the laws as contained and set forth in the title"), aff'd., 755 F.2d 915 (2d Cir.), cert. denied, 474 U.S. 805 (1985); Young v. IRS, 596 F. Supp. 141, 149 (N.D. Ind. 1984) (asserting that "even if Title 26 was not itself enacted into positive law, that does not mean that the laws under the title are null and void").  Moreover, Congress did enact the Internal Revenue Code of 1954 as a separate Code, see Act of August 16, 1954, 68A Stat. 1, which was then denominated as Title 26 by the House Judiciary Committee pursuant to 1 U.S.C. § 202(a).  Young, 596 F. Supp. at 149. Plaintiff's argument is therefore without merit.

       For all the reasons set forth above, plaintiff's complaint fails to state a cognizable claim on which relief may be granted.  Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.

       The undersigned has carefully considered whether plaintiff may amend his complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

1  In light of the obvious deficiencies of plaintiff's complaint noted above, the court finds that it
2  would be futile to grant plaintiff leave to amend.
3        Accordingly, IT IS HEREBY ORDERED that plaintiff's April 4, 2011 application
4  to proceed in forma pauperis (Doc. No. 2) is granted.
5        IT IS RECOMMENDED that:
6        1. Plaintiff's April 4, 2011 complaint (Doc. No. 1) be dismissed without leave to
7  amend; and
8        2. This action be dismissed.
9        These findings and recommendations will be submitted to the United States
10 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
11 fourteen (14) days after being served with these findings and recommendations, plaintiff may file
12 written objections with the court.  A document containing objections should be titled "Objections
13 to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
14 objections within the specified time may, under certain circumstances, waive the right to appeal
15 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: May 26, 2011.

                                            DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\dodenhoff0890.ifp.f&rs